UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JONATHAN ROSE,

              Plaintiff,

              -against-

MESABI METALLICS COMPANY LLC,

              Defendant.

-------------------------------------------------------------------x

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

Plaintiff Jonathan Rose, by his attorneys, Lichten & Bright, P.C., alleges for his complaint against defendant Mesabi Metallics Company LLC as follows:

INTRODUCTION

1. Plaintiff brings this action for breach of contract against a company he provided services for.

2. Plaintiff provided services to defendant from June 2021 to October 2021.

3. Plaintiff's services were provided to defendant pursuant to a written consulting or advisory services agreement dated June 8, 2021 (the "Consultancy Agreement"). A copy of the Consultancy Agreement is attached as Exhibit 1.

4. Plaintiff's services were terminated on or around September 7, 2021.

5. On or about October 26, 2021, plaintiff and defendant entered into a written settlement agreement (the "Settlement Agreement"). A copy of the Settlement Agreement is

attached as Exhibit 2.

6. The Settlement Agreement contains a promise by defendant to make four payments to plaintiff, which the agreement expressly acknowledges represent amounts due to plaintiff pursuant to the Consultancy Agreement. The required payments are set forth in Section 1 of the Settlement Agreement.

7. Only one of the four required payments was made by its payment due date. One other payment was paid after its due date. Two payments have not been made at all, despite plaintiff's demands that defendant pay the overdue amounts.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court exists pursuant to 28 U.S.C. § 1332(a)(1).

9. Plaintiff is a citizen of New York.

10. Defendant is a citizen of Minnesota.

11. The amount in controversy is in excess of $75,000.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District.

## PARTIES

13. Plaintiff Jonathan Rose resides and is domiciled in New York, New York.

14. Defendant Mesabi Metallics Company LLC is a Minnesota limited liability company with its principal place of business located at 17113 County Road 58, Nashwauk, Minnesota.

2

FACTS

15. On or about June 8, 2021, plaintiff entered into a Consulting Agreement with defendant pursuant to which he agreed to "provide advisory services to Mesabi Metallics Company LLC . . . in connection with the fund raising of finances for the Company." (Ex. 1.)

16. Defendant's primary business activity consists of the development of an iron ore mine and pelletization facility that, when completed, will mine and pelletize a type of iron ore known as taconite. Its headquarters offices, mine and other infrastructure and facilities are located in Nashwauk, Minnesota.

17. On or about September 7, 2021, the Consultancy Agreement was terminated by defendant pursuant to the Consultancy Agreement's terms.

18. On or about October 26, 2021, plaintiff and defendant entered into the attached "Settlement Agreement." (Ex. 2.) The Settlement Agreement expressly acknowledges that "on the Termination Date [of September 7, 2021], an amount of US $281,926.00 was outstanding to [plaintiff] as fees and expenses under the Consultancy Agreement."

19. The Settlement Agreement was intended by both parties to resolve outstanding issues between the parties related to the services provided to defendant pursuant to the Consulting Agreement, including the amount of money that was owed to plaintiff by defendant.

20. Plaintiff performed services for defendant, consisting mainly of financial and strategic advisory services related to the financing of the iron ore development project defendant is engaged in in Minnesota. Plaintiff performed these services almost exclusively in New York, New York.

21. The Settlement Agreement required defendant to make the following payments to plaintiff no later than the close of banking business on following dates:

    (1)    $45,000.00    October 27, 2021

    (2)    $48,975.33    November 5, 2021

    (3)    $93,975.33    November 30, 2021

    (4)    $93,975.34    December 24, 2021

22. Plaintiff failed to make the initial payment of $45,000.00 by the payment due date of October 27, 2021. Instead, plaintiff made this payment on November 1, 2021.

23. Plaintiff did timely make the second required payment ($48,975.33) on November 1, 2021.

24. Plaintiff did not make the third payment ($93,975.33) by its November 30, 2021 due date and, to date, has still not made that payment, either in whole or part.

25. Plaintiff did not make the fourth payment ($93,975.34) by its December 24, 2021 due date and, to date, has still not made that payment, either in whole or part.

26. In addition to the two installment payments that have never been paid ($187,951.00 in total), an additional amount of $12,500.00 is owed to plaintiff for each of the three payments that were not made by their payment due date (*i.e.,* a total of $37,500.00), pursuant to Section 4(a) of the Settlement Agreement.

27. In addition to the amounts referenced in ¶ 26, an additional $1,500.00 is owed to plaintiff pursuant to Section 4(b) on account of the initial installment payment of $45,000.00 being paid after the payment due date.

28. In addition to the amounts referenced in ¶¶ 26 and 27, $1,500.00 per week or part

thereof is owed to plaintiff for each of the two outstanding installment payments (*i.e.*, the payments that were due on November 30, 2021 and December 24, 2021), with the amount owed for each late payment beginning to accrue on the day after that missed payment's payment due date and continuing to accrue at the rate of $1,500.00 per week or part thereof until such time that payment of the unpaid installment payment(s) at issue is finally made.

29. Plaintiff has made demands upon defendant to pay the amounts that are owed to him pursuant to the terms of the Settlement Agreement.

30. Paragraph 4(c) of the Settlement Agreement provides that defendant shall "reimburse [plaintiff] for all reasonable (and verified) legal fees that [he] incur[s] in recovering the total Overdue Amount."

31. Paragraph 6 of the Settlement Agreement provides that New York law shall apply to the enforcement and interpretation of the Settlement Agreement.

## CAUSE OF ACTION

32. Defendant's failure to comply with the terms of the Settlement Agreement constitutes a breach of contract.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

(a) awarding damages to plaintiff in an amount to be determined for defendant's breach of contract, including all amounts due under the terms of the Settlement Agreement, pre-judgment interest, and plaintiff's reasonable attorney's fees and costs; and

thereof is owed to plaintiff for each of the two outstanding installment payments (*i.e.*, the payments that were due on November 30, 2021 and December 24, 2021), with the amount owed for each late payment beginning to accrue on the day after that missed payment's payment due date and continuing to accrue at the rate of $1,500.00 per week or part thereof until such time that payment of the unpaid installment payment(s) at issue is finally made.

29. Plaintiff has made demands upon defendant to pay the amounts that are owed to him pursuant to the terms of the Settlement Agreement.

30. Paragraph 4(c) of the Settlement Agreement provides that defendant shall "reimburse [plaintiff] for all reasonable (and verified) legal fees that [he] incur[s] in recovering the total Overdue Amount."

31. Paragraph 6 of the Settlement Agreement provides that New York law shall apply to the enforcement and interpretation of the Settlement Agreement.

## CAUSE OF ACTION

32. Defendant's failure to comply with the terms of the Settlement Agreement constitutes a breach of contract.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

(a) awarding damages to plaintiff in an amount to be determined for defendant's breach of contract, including all amounts due under the terms of the Settlement Agreement, pre-judgment interest, and plaintiff's reasonable attorney's fees and costs; and

(b)      granting such other and further relief as this Court deems just and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all of the claims and causes of action herein.

Dated: July 8, 2022

LICHTEN & BRIGHT, P.C.

By: _____
Daniel R. Bright (DB 9373)
1115 Broadway, 11th Floor
New York, New York 10010
(646) 588-4871
Attorneys for Plaintiff Jonathan Rose